**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**JASMINE GAINES, as Administrator of the Estate of ROSIE L. WILLIAMS, deceased,**

**Plaintiff,**

**v.**

**DAC OF GREENSBORO, LLC, d/b/a DIVERSICARE OF GREENSBORO,**

**Defendant.**

**CIVIL ACTION NO. 2:26-cv-247-N**

**REPORT AND RECOMMENDATION**

Defendant DAC of Greensboro, LLC, removed this action from state court to this Court on July 8, 2026. See Notice of Removal (Doc# 1, hereinafter "Notice"). DAC of Greensboro, LLC, is the only defendant in this action.[1] With regard to this Court's subject matter jurisdiction, Defendant removed the case solely on the ground of jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy). Defendant averred that there is "complete diversity of citizenship" and

[1] In the Complaint that was filed in state court, Plaintiff listed "Fictitious Defendant[s]" "A", "B", and "C". Vaguely identified fictitious parties such as these are not considered in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."). Furthermore, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Notice at 3.

On two separate occasions since removal, this Court has pointed out the following deficiency in Defendant's Notice of Removal (Doc# 1) and Defendant's Amended Notice of Removal (Doc# 6): that Defendant, an LLC (limited liability company), has failed to properly allege its citizenship. See Order of July 13, 2026 (Doc# 5) and Order of July 31, 2026 (Doc# 9). Defendant's latest response to these orders is its filing of Motion to Remand to State Court (Doc# 10, hereinafter "Motion"). In the Motion, Defendant states that it "is unable to satisfy the Court's requirement that it identify each and every natural person who is a member of the limited liability companies who are members of DAC of Greensboro, LLC. Therefore, Diversicare moves the Court to remand this case back to the Circuit Court of Hale County, Alabama."[2]

As the Court noted in its Order of July 13, 2026, to properly allege its citizenship, an LLC must "list the citizenships of all the members of the limited liability company …." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). *Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). See also S.D. Ala. CivLR 8 ("A pleading or notice of removal asserting jurisdiction based on

[2] It is most unusual for the sole defendant in a state court lawsuit to remove the case to federal court only to file a motion to remand it back to state court less than one month later. Nonetheless, the Court appreciates the *de facto* admission of the lack of subject matter jurisdiction by Defendant through its filing of the Motion.

diversity of citizenship must identify the citizenship of each party to the litigation …. If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members."). Despite being given multiple opportunities, Defendant has failed to identify each of its members and their respective citizenship. As a result, Defendant has not met its burden of establishing the diversity of citizenship that is necessary for this Court to exercise subject matter jurisdiction over this action under 28 U.S.C. § 1332. *Rolling Greens*, 374 F.3d at 1022.

Because of Defendant's failure to establish diversity of citizenship, this action is due to be remanded to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

For the reasons stated above, the undersigned **RECOMMENDS**[3] that a District Judge enter an order **REMANDING** this action to the Circuit Court of Hale County, Alabama.

**Each party is ADVISED that if it objects to any portion of this Report and Recommendation, then it must file "specific written objections to the proposed findings and recommendations" with the Court "[w]ithin 14 days**

---

[3] The undersigned Magistrate Judge is issuing this determination in the form of a Report and Recommendation in acknowledgement of (1) the fact that the parties have not filed a notice of consent to the undersigned's exercise of plenary jurisdiction over this action and (2) the split in authority amongst federal courts as to whether the act of remanding a case to state court is a dispositive action.

**after being served with a copy" of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy."** ***Id.*** **The assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).**

**The parties are further ADVISED that 11th Cir. R. 3-1, a rule that would apply to any appeal concerning this Report and Recommendation to the Eleventh Circuit Court of Appeals, provides as follows:**

> **A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice.**

**DONE** and **ORDERED** the 6th day of August 2026.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**